**KENTUCKY BAR ASSOCIATION,**
Petitioner,

v.

**Charles L. HUFFMAN, III, Respondent.**

**No. 95–SC–763–KB.**

Supreme Court of Kentucky.

Oct. 19, 1995.

### *ORDER OF SUSPENSION*

The Respondent, Charles L. Huffman, III, was admitted as a member of the Kentucky Bar Association on motion and order of this Court entered October 22, 1985.

On August 22, 1995, the Respondent was charged by information number 95–18, filed by the United States Attorney in the United States District Court for the Eastern District of Kentucky at Pikeville, Kentucky, with the following offense: willfully and unlawfully affecting interstate commerce and the movement of articles and commodities in interstate commerce by extortion, a felony offense, in violation of Title 18, United States Code, Section 1951.

On August 22, 1995, Respondent was arraigned and entered a plea of guilty to the information. Respondent is awaiting sentencing by the United States District Court.

Pursuant to SCR 3.166, on September 1, 1995, the Kentucky Bar Association filed a Notice of Guilty plea and Request for Order for temporary suspension of the Respondent. Pursuant to SCR 3.166, Respondent was automatically suspended from the practice of law in the Commonwealth of Kentucky, beginning on the day following the plea of guilty or finding of guilt by a judge or jury, whichever occurred first. Therefore, as of August 23, 1995, Respondent, Charles L. Huffman, III, was suspended from the practice of law in Kentucky, which suspension shall remain in effect until dissolved or superseded by an order from this Court. No motion has been filed to modify or dissolve the suspension pursuant to SCR 3.166(1). As required by said rule, Respondent shall immediately notify all his clients in writing of his inability to continue to represent them and shall furnish copies of all such letters to the Director of the Kentucky Bar Association. He must also make arrangements to return all active files to his clients or new counsel, to return all unearned attorney fees and client property to his clients, and he shall advise the Director of such arrangements. Disciplinary proceedings against Respondent shall be initiated by the Inquiry Tribunal pursuant to SCR 3.160, unless already begun or unless the Respondent resigns under terms of disbarment.

All concur.

ENTERED: October 19, 1995.

/s/ Robert F. Stephens
Chief Justice